UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

MARKO PREKAS,

                                        Plaintiff,

          -against-

CITY OF NEW YORK, MATTHEW EDELMAN, Individually,
DONALD STEWART, Individually, LUIS TORINO, Individually,
WILLIAM RUSSO, Individually, KEVIN SILLS, Individually,
MATTHEW BILOTTI, Individually, MICHAEL ZAK,
Individually, DENNIS MAIRA, Individually, TRACY YOUNG,
Individually, MICHAEL DRISCOLL, Individually,
DANIEL DONALDSON, Individually, MATTHEW VAHEY,
Individually, GARY GROSOLIA, Individually, JORGE SALAZAR,
JOSEPH TENERIELLO, Individually, DANIEL ALTIERI,
Individually, ROBERT PATELLI, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

-------------------------------------------------------------------------------X

**SECOND
AMENDED
COMPLAINT**

14 CV 5744
(ARR) (VMS)

<u>Jury Trial Demanded</u>

          Plaintiff MARKO PREKAS, by his attorneys, Leventhal & Klein, LLP, complaining of

the defendants, respectfully alleges as follows:

## <u>Preliminary Statement</u>

          1.          Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## <u>JURISDICTION</u>

          2.          This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff MARKO PREKAS is a sixty year old man who resides in Staten Island, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants MATTHEW EDELMAN, DONALD STEWART, LUIS TORINO, WILLIAM RUSSO, KEVIN SILLS, MATTHEW BILOTTI, MICHAEL ZAK, DENNIS MAIRA, TRACY YOUNG, MICHAEL DRISCOLL, DANIEL DONALDSON, MATTHEW VAHEY, GARY GROSOLIA, JORGE SALAZAR, JOSEPH TENERIELLO, DANIEL ALTIERI, and ROBERT PATELLI, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and

2

were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On March 13, 2012, at approximately 6:30 a.m., defendant NYPD detectives TRACY YOUNG, MICHAEL DRISCOLL, DANIEL DONALDSON, MATTHEW VAHEY, GARY GROSOLIA, JORGE SALAZAR, JOSEPH TENERIELLO, and DANIEL ALTIERI, and NYPD sergeant ROBERT PATELLI, who are all members of the emergency services unit, entered into the first floor apartment of 311 Gordon Street, Staten Island, New York to secure the location during a search warrant execution.

13. The search warrant authorized the defendant officers to search the first floor of 311 Gordon Street only.

14. 311 Gordon Street in Staten Island is a building with three separate dwelling spaces located on the basement level, on the first floor, and on the second floor.

15. Each dwelling space has its own entrance.

16. The basement dwelling space is accessed exclusively by cellar doors in the side yard of 311 Gordon Street. The basement dwelling has no access to any of the other areas of the

3

property other than by first exiting the basement through the cellar doors in the side yard.

17.     On and before said date and time, and continuing to today, plaintiff MARKO PREKAS resided in the basement apartment accessed by said cellar doors.

18.     Despite being authorized to enter the first floor apartment only, the aforesaid defendants either directly participated in breaking a locked door, which was visibly designed to preclude entry between the first floor and basement apartments, and illegally entering the basement apartment, or stood by and watched or were otherwise aware that this was occurring in their presence.

19.     Thereafter defendant officers, including without limitation, MICHAEL DRISCOLL and ROBERT PATELLI, entered PREKAS' apartment with firearms drawn while PREKAS was sleeping in his bed.

20.     PREKAS awoke to a defendant officer pointing the laser aiming site of his firearm at plaintiff's head.  In shock and fear, PREKAS urinated in his bed.

21.     When PREKAS stood up out of his bed, a defendant officer pressed his firearm against PREKAS' chest and a defendant officer, believed to be ROBERT PATELLI, handcuffed PREKAS despite lacking probable cause or any other purported basis to arrest plaintiff.

22.     After the aforementioned defendants secured the location, defendants MATTHEW EDELMAN, DONALD STEWART, LUIS TORINO, WILLIAM RUSSO, KEVIN SILLS, MATTHEW BILOTTI, MICHAEL ZAK, and DENNIS MAIRA, entered the location and searched both the first floor and PREKAS' apartment, despite lacking authority to do so.

23.     The defendant officers neither recovered weapons nor contraband from PREKAS or from his apartment.

4

24.     The defendant officers arrested PREKAS despite the absence of probable cause to believe PREKAS had committed any crime or offense.

25.     The defendant officers transported PREKAS to the NYPD's 120th precinct station house and imprisoned him therein.

26.     The defendant officers failed to safeguard or otherwise unlawfully took PREKAS' property, consisting of approximately $700 United States currency, and four United States "Morgan" silver dollars from the years 1865, 1878, 1893, and 1921.

27.     The defendant officers imprisoned PREKAS until his arraignment in Richmond County Criminal Court on baseless charges filed under docket numbers 2012RI002472; said charges having been filed based on the false allegations of defendant MATTHEW EDELMAN.

28.     Defendant EDELMAN created arrest documents and signed and swore to a criminal court complaint which was filed against PREKAS which contained false and manufactured allegations.

29.     Defendant EDELMAN alleged that the defendant officers recovered firearms from an alleyway on the side of 311 Gordon Street.

30.     Defendant EDELMAN falsely alleged that said alleyway was accessible from PREKAS' home.

31.     The alleyway referred to by defendant EDELMAN is not accessible from PREKAS' home.

32.     The alleyway referred to by defendant EDELMAN is on the opposite side of 311 Gordon Street from the side yard which contains the cellar doors through which PREKAS has access to his dwelling space.

5

33.   Defendant EDELMAN knew that the alleyway was not accessible from PREKAS' dwelling space.

34.   Upon information and belief, the occupants of the other dwelling spaces had sole and exclusive access to said alleyway.

35.   Further, defendant EDELMAN falsely alleged that PREKAS possessed an imitation firearm, ammunition and marijuana.

36.   PREKAS was not in actual or constructive possession of an imitation firearm, ammunition or marijuana, on his person, in his dwelling space, or in any other manner.

37.   The defendants initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their false arrest and abuse of authority; to increase their teams productivity levels, and; to receive extra compensation pay.

38.   As a result of the malicious prosecution, bail was set against PREKAS.

39.   PREKAS was unable to post bail and was consequently imprisoned on Rikers Island until he was released on or about March 16, 2012.

40.   The malicious prosecution compelled PREKAS to return to Court approximately three times, until October 3, 2012, when all of the purported charges levied against plaintiff based on the false allegations of the defendants were dismissed and sealed in Richmond County Criminal Court.

41.   Defendant officers MATTHEW EDELMAN, DONALD STEWART, LUIS TORINO, WILLIAM RUSSO, KEVIN SILLS, MATTHEW BILOTTI, MICHAEL ZAK,

6

DENNIS MAIRA, TRACY YOUNG, MICHAEL DRISCOLL, DANIEL DONALDSON, MATTHEW VAHEY, GARY GROSOLIA, JORGE SALAZAR, JOSEPH TENERIELLO, DANIEL ALTIERI, ROBERT PATELLI, and JOHN and JANE DOE 1 through 10, either entered plaintiff's apartment and/or arrested him, or stood by and allowed this to occur in their presence, despite knowing that the search warrant authorized the search of the first floor only, and despite it being clear from the officer's observations that the basement apartment was a separate living space and that plaintiff was not in actual or constructive possession of any contraband.

42.     Defendants Captain WILLIAM RUSSO, Sergeant DONALD STEWART, and Sergeant ROBERT PATELLI, held supervisory ranks and participated in and oversaw the unlawful entry, search, arrest and/or prosecution of plaintiff.

43.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and a practice of falsification.

44.     The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the proper procedures for execution of search warrants and investigation of incidents; the treatment of innocent and/or uninvolved individuals who are found at the location of an execution of a search warrant, and engage in a practice of falsification.

7

45.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

46.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

47.     As a result of the foregoing, plaintiff MARKO PREKAS sustained, *inter alia*, physical injuries, emotional distress, embarrassment, humiliation, and deprivation of his constitutional rights.

### Federal Claims

#### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

48.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

50.     All of the aforementioned acts deprived plaintiff MARKO PREKAS of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§ 1981 and 1983.

51.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

52.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

53.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

54.     Defendants arrested plaintiff MARKO PREKAS without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

55.     Defendants caused plaintiff MARKO PREKAS to be falsely arrested and unlawfully imprisoned.

56.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unlawful Entry into the Home 42 U.S.C. § 1983)

57.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

9

58.     Defendants entered plaintiff's home without a warrant, and absent probable cause, exigent circumstances, or any lawful justification.

59.     As a result, plaintiffs' right to be free from an unlawful entry into the home via the Fourth Amendment was violated.

60.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

61.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.     The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff MARKO PREKAS' constitutional rights.

63.     As a result of the aforementioned conduct of defendants, plaintiff MARKO PREKAS was subjected to excessive force and sustained physical and emotional injuries.

64.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff MARKO PREKAS.

67.     Defendants caused plaintiff MARKO PREKAS to be prosecuted without any probable cause until the charges were dismissed on or about October 3, 2012.

68.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants issued criminal process against plaintiff MARKO PREKAS by causing his arrest and prosecution in Richmond County Criminal Court.

71.     Defendants caused plaintiff MARKO PREKAS to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their false arrest and abuse of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

72.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

11

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

73.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "72" with the same force and effect as if fully set forth herein.

74.     Defendants created false evidence against plaintiff MARKO PREKAS.

75.     Defendants utilized this false evidence against plaintiff MARKO PREKAS in legal proceedings.

76.     As a result of defendants' creation and use of false evidence, plaintiff MARKO PREKAS suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

77.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

78.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Defendants had an affirmative duty to intervene on behalf of plaintiff MARKO PREKAS, whose constitutional rights were being violated in their presence by other officers.

80.     The defendants failed to intervene to prevent the unlawful conduct described herein.

81.     As a result of the foregoing, plaintiff MARKO PREKAS' liberty was restricted

for an extended period of time, he was put in fear of his safety, he was humiliated and subjected to handcuffing and other physical restraints, and unlawfully imprisoned.

82.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

83.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "82" with the same force and effect as if fully set forth herein.

84.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

85.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

86.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "85" with the same force and effect as if fully set forth herein.

87.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

88.    The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff MARKO PREKAS' rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

89.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff MARKO PREKAS.

90.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff MARKO PREKAS as alleged herein.

91.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff MARKO PREKAS as alleged herein.

92.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff

MARKO PREKAS was unlawfully arrested, illegally searched, maliciously prosecuted, and denied his right to fair trial.

93.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff MARKO PREKAS' constitutional rights.

94.     All of the foregoing acts by defendants deprived plaintiff MARKO PREKAS of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from unlawful entry into his home;

        D.     To be free from being subjected to excessive/unreasonable force;

        E.     To be free from the failure to intervene;

        F.     To be free from malicious prosecution; and

        G.     To be free from malicious abuse of process.

95.     As a result of the foregoing, plaintiff MARKO PREKAS is entitled to compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff MARKO PREKAS demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
May 4, 2015

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiff MARKO PREKAS
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By: _____
BRETT H. KLEIN (BK4744)

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

MARKO PREKAS,

                                  Plaintiff,

          -against-

CITY OF NEW YORK, MATTHEW EDELMAN, Individually,
DONALD STEWART, Individually, LUIS TORINO, Individually,
WILLIAM RUSSO, Individually, KEVIN SILLS, Individually,
MATTHEW BILOTTI, Individually, MICHAEL ZAK,
Individually, DENNIS MAIRA, Individually, TRACY YOUNG,
Individually, MICHAEL DRISCOLL, Individually,
DANIEL DONALDSON, Individually, MATTHEW VAHEY,
Individually, GARY GROSOLIA, Individually, JORGE SALAZAR,
JOSEPH TENERIELLO, Individually, DANIEL ALTIERI,
Individually, ROBERT PATELLI, Individually, and JOHN and
JANE DOE 1 through 10, Individually (the names John and Jane
Doe being fictitious, as the true names are presently unknown),

                                   Defendants.

--------------------------------------------------------------------------------X

14 CV 5744
(ARR) (VMS)

## SECOND AMENDED COMPLAINT

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100